**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**


**UNITED STATES OF AMERICA**


    **vs.**                        **CASE NO. 3:00-CR-048-23 (JAF)**

**DANNY ORTIZ-PEREZ**
***a/k/a "PELUSAN"***
**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***


**MOTION RECOMMENDING OFFENDER'S RELEASE FROM DETENTION AND**
**MODIFICATION OF THE SUPERVISION CONDITIONS**

**TO THE HONORABLE JOSE A. FUSTE, CHIEF**
**UNITED STATES DISTRICT JUDGE**
**DISTRICT OF PUERTO RICO**


        **COMES NOW, RAUL GONZALEZ-DIAZ, SUPERVISING, U.S. PROBATION OFFICER of this Court,** presenting an official report pursuant the Court's order of July 2, 2008. During the revocation hearing, this Court decided not to revoke the offender's supervision, but order this Officer to explore the possibility of having this offender remain either under the home detention or the Residential Re-entry Center (Halfway House) program.

        Following the Court's order, this officer interviewed the offender in the company of his counsel Coral Rodríguez, AFPD and the Assistant U.S. Attorney Sean Torriente. During the interview, the offender indicated that he is more than willing to participate in the home confinement program rather than the Residential Re-entry Center program because he is gainfully employed in Yabucoa and residing in San Juan, where the halfway house is located at, will conflict with his employment. Additionally, he has no transportation means of his own.

Mr. Ortiz-Pérez' adjustment while in the community was also discussed with his psychologist Alvin Rodríguez and USPO Yarixa Vázquez. Mr. Rodríguez informed that the offender's relapse to drugs was prompted by his unemployment condition and his mild depression. Additionally, the offender has not developed the necessary skills that would help him manage frustrations and prevent a drug use relapse. Reportedly, this condition may improve with psychotherapy and medication. The psychologist also indicated that the offender would be more successful in supervision if he is closely monitored with an electronic device, maintains a gainful employment, and participates in the out-patient drug treatment program. USPO Vázquez also agreed with this supervision plan.

This officer also interviewed offender's mother, Zenaida Pérez-Torres. Ms. Pérez-Torres did not have telephone service in her residence at the time of this interview. Nonetheless, she agreed to apply for this service with the Puerto Rico Telephone Company. On July 7, 2008, this officer contacted again the offender's mother. She indicated that the telephone company established the requested service today.

**WHEREFORE**, in view of the above-mentioned, it is respectfully recommended, that the Court order the offender's release from detention in order to allow him to remain on supervision under the same release conditions. However, his conditions should be modified as follows:

The offender shall participate in the mental health program for treatment purposes, including medication if necessary, as arranged by the U.S. Probation Officer until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer. Additionally, the offender shall be placed in Home Confinement until expiration of his sentence on February 26, 2009, to commence within fifteen (15) days of his release from detention. During this time, the offender shall remain at his place of residence, except

for employment or other activities approved in advance by the Probation Officer.  The offender shall maintain a telephone at his place of residence without any special features, modems, answering machines, or cordless telephones during the term of electronic monitoring. The offender shall wear an electronic device and shall observe the rules specified by the probation office.  The offender is ordered to pay this electronic service pursuant the policy established by the U.S. Probation Office.  He shall not leave the judicial district to which he is sentenced or released during the term of electronic monitoring.

The Court is also recommended NOT to withdraw the motion for revocation of the supervised release term filed by USPO Vázquez on June 17, 2008, and to have a follow up hearing within 60 days in order to review this supervision plan.

At San Juan, Puerto Rico, this 7th day of July 2008.

Respectfully submitted,

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER


s/Raúl González-Díaz
Raúl González-Díaz
Supervising, U.S. Probation Officer
Federal Office Building Room 400
150 Chardón Avenue
San Juan, P.R. 00918-1741
Tel. 787-766-5829
Fax 787-766-5945
E-mail: raul_gonzalez@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

I HEREBY certify that on July 7, 2008, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sean Torriente, Assistant U.S. Attorney and Coral Rodríguez, AFPD.

At San Juan, Puerto Rico, this 7th day of July 2008.

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER


s/Raúl González-Díaz
Raúl González-Díaz
Supervising, U.S. Probation Officer
Federal Office Building Room 400
150 Chardon Avenue
San Juan, P.R. 00918-1741
Tel. 787-766-5836
Fax 787-766-5945
E-mail: raul_gonzalez@prp.uscourts.gov